IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>HEIDI ULBRICHT, and DANA L. CHRISTENSEN,<br><br>Defendants. | CV 24-96-M-DWM<br><br>ORDER |

On August 9, 2024, United States Magistrate Judge Kathleen L. DeSoto entered Findings and Recommendations, (Doc. 7), with respect to a Complaint, (Doc. 2), and Motion to Proceed In Forma Pauperis, (Doc. 1), filed by pro se Plaintiff Kermit Ty Poulson.

The Notice of Case Opening entered on July 2, 2024, advised Plaintiff that he must immediately inform the Clerk of Court of any change in address, and that failure to do so may result in dismissal of the case without notice. (Doc. 3 at 2.) On July 11, 2024, the Notice of Case Opening was returned as undeliverable. (Doc. 5.) On July 22, 2024, the Court issued an order giving Plaintiff until August 5, 2024, to file a notice informing the Clerk of Court of his current address. (Doc.

1

6.) The Court cautioned Plaintiff that if he did not comply with the Order, his case may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As of the date of this Order, Plaintiff has not filed a notice of updated address or made any other filings in this case.

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. *Fendler v. Westgate–California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). Before dismissing an action as a sanction for failure to prosecute or failure to comply with a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

Based on application of these factors, Judge DeSoto recommended that Poulson's Motion to Proceed In Forma Pauperis, (Doc. 1), be denied as moot and the Complaint, (Doc. 2), be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

Neither party has filed objections. Failure to object waives the right to review. Fed. R. Crim. P. 59(b)(2). But consistent with the Court's "full authority" to review the Findings and Recommendations under any standard it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 154 (1958), the Court reviews for clear error. Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Finding no clear error in Judge DeSoto's conclusion, the Court adopts those findings and recommendations. (*See* Doc. 7.)

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation, (Doc. 7), is ADOPTED IN FULL:

1. Plaintiff's Motion to Proceed In Forma Pauperis, (Doc. 1), is DENIED AS MOOT and the Complaint, (Doc. 2), is DISMISSED WITHOUT PREJUDICE.

2. The Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court directs the Clerk to enter, by separate document, a judgment of dismissal.

DATED this 1st day of October, 2024.

Donald W. Molloy, District Judge
United States District Court